United States District Court
Southern District of Texas

**ENTERED**

April 03, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE ANADRILL DIRECTIONAL SERVICES, INC. | § § § § | |
| RDM CAPITAL FUNDING, LLC, | § § § | CIVIL ACTION NO. H-26-1794 ADVERSARIAL CASE NO. 25-3041 |
| Appellant, | § § | |
| v. | § § | |
| RONALD J. SOMMERS, | § § | |
| Appellees. | § § § | |

**MEMORANDUM OPINION & ORDER**

Ronald J. Sommers, the Chapter 7 Trustee for Anadrill Directional Services, Inc., sued RDM Capital Funding, LLC in an adversary proceeding to recover an alleged fraudulent transfer. Bankr. Docket Entry No. 1).   Anadrill and RDM Capital entered into a Master Receivables Services Agreement under which Anadrill sold $792,000 of its future receipts to RDM Capital for $600,000, less an origination fee of $18,000.  (Bankr. Docket Entry No. 26 at 2–3).  RDM Capital wired $582,000 to Anadrill.  (*Id.* at 3).  The Trustee argues that this agreement was usurious under New York law and therefore a fraudulent under the Bankruptcy Code.  (*Id.*).  The parties cross-moved for summary judgment in the adversary proceeding, and the bankruptcy court denied the parties' cross-motions.  (Docket Entry No. 26).

RDM Capital filed a notice of appeal and moves for leave to appeal on the question whether the value given by a creditor to a debtor pursuant to an unenforceable contract can be reasonable equivalent value under 11 U.S.C. § 548(a)(1)(B).  (Docket Entry Nos. 1, 6).  The court denies RDM Capital's motion for leave to appeal.

The standard under 28 U.S.C. § 1292(b) governs whether to grant leave to appeal: "(1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation." *Off. Comm. of Equity Sec. Holders v. Sorrento Therapeutics, Inc.*, No. BR 23-90085, 2025 WL 933723, at *5 (S.D. Tex. Mar. 27, 2025) (citing *In re Ichinose*, 946 F.2d 1169, 1177 (5th Cir. 1991)); *Cluster Holdco, LLC v. Byman*, ___ F. Supp. 3d ____, 2026 WL 150306, at *7 (S.D. Tex. Jan. 20, 2026).  Although this appeal presents a discrete legal question on which there appears to be a substantial ground for difference of opinion, resolution of the appeal likely will not materially advance the ultimate termination of the litigation.

The bankruptcy court denied summary judgment on three counts: Avoidance of Constructively Fraudulent Obligation under 11 U.S.C. § 548(a)(1)(B); Avoidance of Constructively Fraudulent Transfers under 11 U.S.C. § 548(a)(1)(B); Recovery of Avoided Transfers under § 550(a)(1).  Each presents the same disputed factual issue of "whether the Agreement is a loan or sale of future receivables."  (Bankr. Docket Entry No. 26 at 14–16). Resolution the legal issue presented would resolve Counts 2 and 3, which request monetary relief, but not Count 1, which requests declaratory relief and is material to the validity of RDM Capital's proof of claim.  (Docket Entry No. 10 at 5; Docket Entry No. 11 at 4).  Taking this appeal will not prevent a trial on the disputed facts motivating the bankruptcy court's order denying the parties' cross-motions for summary judgment.

RDM Capital argues that narrowing the dispute by eliminating the Trustee's monetary claims will materially advance the termination of the litigation.  (Docket Entry No. 11 at 4). Because narrowing the legal claims will not narrow the factual issues to be resolved at trial, RDM Capital's argument can succeed only if the appeal will "advance" the prospects of "settlement."

2

*Scott v. Ruston Louisiana Hosp. Co., LLC*, No. CV 16-0376, 2017 WL 1364219, at \*5 (W.D. La. Apr. 12, 2017).  The present record does not support such a finding.  Both parties currently have monetary claims against each other: RDM Capital filed its proof of claim, and Anadrill sued RDM Capital for fraudulent transfer.  Resolving the appeal for RDM Capital will leave only its proof of claim, which Anadrill still may want to litigate.  And resolving the appeal for Anadrill eliminates neither party's claim; RDM Capital loses one legal defense.  Factual disputes will remain, and the legal risks may not change substantially.  The court is not convinced that resolving this appeal will materially advance the prospects of a settlement that terminates this litigation.

The court is mindful that the legal issue that the appeal presents is important to several other adversary proceedings in this bankruptcy case.  Under the Southern District of Texas's Division of Work Order, this court will resolve the appeals from each adversary proceeding.  *See* S.D. Tex. General Order No. 2026-3 ¶ 25.  Resolving the legal question in this appeal will, as a practical matter, resolve it for the remaining adversary proceedings.  This fact weighs heavily in favor of granting an interlocutory appeal.  Even so, there is little reason to grant leave to appeal in this case if the primary purpose of the appeal is to resolve other ones.

For these reasons, the motion for leave to appeal, (Docket Entry Nos. 1, 6), is denied.  This appeal is dismissed for lack of jurisdiction.

**DISMISSED.**

SIGNED on April 3, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

3